FILED
United States Court of Appeals
Tenth Circuit

December 7, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAMON LEE RIOS,

Defendant - Appellant.

No. 10-6175

(W.D. Oklahoma)

(D.C. No. 5:10-CR-00062-R-1)

ORDER AND JUDGMENT[*]

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Ramon Lee Rios entered a conditional plea of guilty in the United States

District Court for the Western District of Oklahoma to a charge of unlawful

possession of a firearm by a convicted felon, in violation of 18 U.S.C.

§ 922(g)(1). His plea expressly reserved the right to appeal the district court's

denial of his motion to suppress evidence obtained as a result of the search of a

motel room. On appeal he challenges that denial. We have jurisdiction under

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

28 U.S.C. § 1291 and affirm because Mr. Rios lacked standing to challenge the search.

## I.    BACKGROUND

The evidence of Mr. Rios's guilt was found in Room 308 of a Motel 6 in Oklahoma City. On the morning of August 22, 2009, the motel's assistant manager and a housekeeper checked the room after a woman not registered as a guest requested a key card for the room because the one she had did not work. After unlocking the door, they found Mr. Rios lying on the bed and a pistol nearby. The two immediately left the room and called 911 in accordance with the motel's policy regarding weapons on motel premises.

The assistant manager testified that she met an officer at the door to Room 308 and gave him the key card that he used to let himself in. Sergeant Steve Stolz, however, testified that he found the door open and saw Mr. Rios on the bed with a pistol lying on a dresser about six feet away. He entered the room and detained Mr. Rios, who was later arrested.

After being indicted on the firearms charge, Mr. Rios filed a pretrial motion to suppress evidence, claiming that officers conducted an unlawful search of the motel room. The district court conducted an evidentiary hearing and overruled

the motion. It held that Mr. Rios lacked standing to challenge the search because he could not demonstrate that he was the invited guest of the renter of the room.[1]

Mr. Rios then filed a motion to reconsider, arguing that new evidence indicated that he was the lawful guest of the room's registered renter, Sheena Craig. The motion attached an affidavit by Craig. It stated that after renting the room she had to go home to deal with a family emergency and had given Mr. Rios permission to stay overnight in the room. The district court denied the motion as untimely, because Mr. Rios had this information to share with counsel before the hearing.

On April 9, 2010, Mr. Rios entered a conditional plea of guilty to the firearms charge, expressly reserving his right to appeal the district court's denial of his motion to suppress. The court sentenced him to 188 months' imprisonment.

## II. DISCUSSION

On appeal from the denial of a motion to suppress, we review the factual findings of the district court for clear error and view the evidence in the light most favorable to the government. *See United States v. Worthon*, 520 F.3d 1173, 1178 (10th Cir. 2008). We review de novo whether a defendant has standing to challenge a search. *See id*.

---

[1] The court also ruled that exigent circumstances justified Sergeant Stolz's entering the motel room, but we need not address this issue.

"[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). "Fourth Amendment rights are personal, and, therefore, a defendant cannot claim a violation of his Fourth Amendment rights based only on the introduction of evidence procured through an illegal search and seizure of a third person's property or premises." *Worthon*, 520 F.3d at 1178 (internal quotation marks omitted).

An invited guest may possess a reasonable expectation of privacy in the premises of his host, but "[m]ere physical possession or control of property is not sufficient to establish standing to object to a search of that property." *United States v. Conway*, 73 F.3d 975, 979 (10th Cir. 1995). "Although a defendant need not come forward with documentation establishing legal possession of the area searched, he must at least demonstrate, in the case of a motel room, that he was the invited guest of the renter of the premises." *Id*. (citation omitted).

Room 308 was registered to Sheena Craig. Craig's affidavit states that Mr. Rios was her invited guest in the room. But the district court rejected the affidavit as untimely, and Mr. Rios's opening brief on appeal does not present any arguments challenging this denial. Therefore, we do not consider the affidavit. *See Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992) ("[E]ven issues

-4-

designated for review are lost if they are not actually argued in the party's brief.").

Without Craig's affidavit, the evidence in the record does not establish the permission necessary to give Mr. Rios standing. He points out that when he was found by hotel staff, the room was locked and curtains were drawn, thus demonstrating his ability to control and exclude others. He further notes that he had stayed overnight, was found before check-out time, and had his belongings inside the room. But under our precedents this evidence was not enough. In *Conway* the defendant lacked standing even though he was the one who opened the motel-room door for the officers (while he was completely undressed), gave the first name of the registered renter, and had a room key. *See* 73 F.3d at 978–80. And in *United States v. Carr*, 939 F.2d 1442, 1446 (10th Cir. 1991), we held that the defendant's affidavit that he had occupied the motel room for three weeks did not suffice to establish his standing.

## III.   CONCLUSION

We AFFIRM the judgment below.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

-5-